IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-309-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN MOWAD JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's "*Pro Se* Motion For Mistrial," submitted to the court June 1, 2010 (DE # 94), to which the government has responded. Also before the court is the motion to withdraw of W.H. Paramore, III, defendant's trial counsel, wherein Mr. Paramore seeks to be relieved of duties in representation due to conflict arising from defendant's motion (DE # 95). As stated more particularly in this order, defendant's motion is denied and Mr. Paramore's motion is granted.

## BACKGROUND

Defendant filed his handwritten motion thirteen (13) days after jury verdict was returned May 19, 2010, finding him guilty of conspiracy to distribute a quantity of cocaine and distribution of a quantity of cocaine. Defendant argues primarily that his trial counsel was constitutionally deficient. Defendant requests that the court order a mistrial, or in the alternative, set aside the jury verdict "on the grounds that the defendant did not have effective assistance of counsel . . . ." (Def.'s Mot. 1-2.)

Defendant states that his trial counsel did not produce favorable evidence and defense witnesses, did not "properly" cross-examine government witnesses, and failed to bring various

discovery motions leading up to the trial. In short, defendant alleges that his trial counsel "refused to perform his duties [at trial] or at the least, do what was discussed and agreed upon with defendant during preparation for trial." (Def.'s Mot. 7.)

Defendant further alleges that his trial counsel was motivated by a desire to conclude his trial quickly in an attempt to seek the good graces of the court. Defendant claims that his trial counsel made comments evidencing this motive to at least three of defendant's family members.

After the close of the government's case-in-chief, defendant brought then a motion to dismiss his counsel, which the court heard at hearing on the matter, outside the presence of the jury.[1] Defendant complained that his counsel was not questioning the witnesses as defendant had directed and, moreover, did not locate other witnesses before trial.

Defendant acknowledged in response to the court's questions that he essentially was arguing that a difference of opinion concerning certain trial strategy had erupted. Indeed, defendant stated that he had discussed the evidence and strategy with his counsel "time and again." (Gov's Resp. Ex. A at 5.) As the court recognized then, defendant's counsel had in fact raised a number of motions or requests on his behalf in zealous representation of defendant during the pretrial process and trial. The court also noted that defendant, through his counsel, had filed a motion seeking funds for investigative services immediately prior to trial, which motion was allowed.

Based on Mr. Paramore's statements to the court during this hearing, where there was no basis to conclude that a continuance would allow counsel to locate witnesses of whom defendant

---

[1] The government attached a transcript of the hearing to its response to defendant's motion. (See Gov's Resp. Ex. A.)

2

spoke, and given efforts by counsel described leading up to trial, defendant's concerns, without more, about missing witnesses, did not countenance a trial continuance.

Defendant's complaints concerning trial strategy of or relating to witness examination and/or the lack of certain witnesses for the defense, did not merit "a change of counsel at the close of the government's case." (Gov's Resp. Ex. A at 6.) The undersigned informed defendant of his right to be represented by an attorney, commented on his attorney's work efforts, and that "an expression of frustration now that there are certain trial strategies you would desire doesn't, without more, in view of the fact that you do have competent counsel who has, from the court's perspective, zealously represented you, merit a new lawyer coming in and the delays that would be associated." (Gov's Resp. Ex. A at 6.) The court notified defendant, having observed, too, that he had continued throughout the process to work with Mr. Paramore, that while defendant had a right to represent himself, it would be ill advised. Defendant agreed.

After further consideration on the record of witness issues, the court was asked by defendant if some witnesses previously excused could be brought back to court. Motion to recall witnesses was allowed, and proceedings were tailored by the court to permit defendant to recall certain witnesses as well as call new ones for the defense, which did delay certain trial proceedings albeit briefly. Defendant continued with Mr. Paramore as his trial counsel. The court also took a break in these proceedings to allow defendant and his counsel to confer regarding the questioning of witnesses.

As to Mr. Paramore's motion, one day after defendant filed his motion, Mr. Paramore filed his motion to withdraw. Mr. Paramore seeks to withdraw because the filing of defendant's motion "creates a conflict of interest between the defendant and the undersigned . . . which cannot be

3

resolved such that the undersigned can comply with his duties and responsibilities of showing candor to this Court . . . ." (Mot. Withdraw 1.)

## COURT'S DISCUSSION

Because defendant's motion was filed within fourteen (14) days of the jury verdict, defendant's motion is construed as a motion for new trial under Federal Rule of Criminal Procedure 33. An ineffective assistance claim may be brought as a motion for new trial based on "other grounds" under Rule 33. United States v. Smith, 62 F.3d 641, 650 (4th Cir. 1995); see also United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000). In order to establish an ineffective assistance of counsel claim, defendant must show that counsel was deficient, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

A defendant's right to choose his own counsel is limited so as not to "deprive the courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). In general, good cause to substitute counsel exists when denying substitute counsel would deny the defendant a constitutionally adequate defense. United States v. Johnson, 114 F.3d 435, 443 (4th Cir. 1997) ("A total lack of communication is not required. Rather an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry."). In making its decision, the district court must consider both the defendant's reason for seeking substitution and the government's interest in proceeding without a continuance. Morris v. Slappy, 461 U.S. 1, 11-12 (1983)

Defendant's motion puts forth the same allegations and arguments heard by the court during trial. To the extent the court has already ruled on defendant's motion, it is denied for the reasons stated during hearing. Mere differences in trial strategy are not enough to show that counsel was

4

constitutionally deficient. See Strickland, 466 U.S. at 690-91 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."); Washington v. Murray, 4 F.3d 1285, 1288 (4th Cir. 1993) ("Strickland makes plain that a lawyer's performance will not be deemed deficient if it results from informed, strategic choices about how to mount a defense."). As the court noted during hearing, Mr. Paramore's representation during the pretrial process and during trial was zealous, and there was no apparent breakdown in communication. Compare United States v. Sifford, No. 08-4426, 2009 WL 1353738, at *1 (4th Cir. May 15, 2009) (unpublished) (finding no total lack of communication preventing an adequate defense where counsel reviewed discovery with her client, represented that she would do everything in her power to represent her client, and discussed defenses, trial strategy, and the possibility of a plea) with United States v. Jennette, No. 07-4382, slip op. at 7-9 (4th Cir. July 2, 2010) (unpublished) (holding the district court erred in not appointing substitute counsel at sentencing where the attorney stated there was a complete breakdown in communication and defendant's motion was lodged two weeks before his sentencing was held). As such, there was no basis for substitution of counsel at trial.

To the extent defendant's motion is based on facts not available to the court at this time, it is also denied. Defendant fails to specify the nature of any exculpatory evidence, or the line of questioning that his attorney failed to pursue of certain witnesses. As stated at hearing, and reiterated above, defendant's counsel's performance during the pretrial process and at trial did not warrant substitute counsel, and, based on the facts now appearing in the record, was not defective.

5

Case 5:09-cr-00309-FL Document 102 Filed 07/08/10 Page 5 of 6

Mr. Paramore seeks to withdraw as counsel due to the conflict arising from the filing of defendant's motion. For good cause shown, the motion of W. H. Paramore, III to withdraw as counsel for defendant and be relieved of further responsibility of counsel for defendant is granted.

## CONCLUSION

For reasons stated above, defendant's motion for new trial is DENIED. Said denial is without prejudice to renewal of defendant's contentions, including through a federal habeas petition as allowed by 28 U.S.C. § 2255. Mr. Paramore's motion to withdraw is GRANTED, and he is relieved of any further duties in representation. The Federal Public Defender shall appoint substitute counsel for defendant. The Clerk of Court shall provide a copy of this Order to defendant and the Criminal Justice Act panel administrator for this district.

The court, of its own initiative, now CONTINUES SENTENCING to a date not earlier than ninety (90) days from today, to permit new counsel to fully participate in the sentencing process, including, among other things, the probation officer's interview of defendant and preparation of the pre-sentence report.

SO ORDERED, this the 8th day of July, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge