IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-309-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN MOWAD JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on motion of defendant, proceeding *pro se*, to be relieved of Mitchell G. Styers as his attorney, for new counsel to be appointed, for a restraining order, and more time within which to file response to the draft presentence report. Mr. Styers was in attendance with defendant. The government was represented by Rudy E. Renfer. The court need not recite the procedural history of the case nor the chronology of counsel appointed in order to address the issues raised. This order memorializes rulings issued from the bench.

Defendant's main complaint appears lodged at the feet of W.H. Paramore, III, defendant's trial counsel, who has not provided his complete file to new counsel. Mr. Styers opined this appears to be true, and that he has attempted to obtain the records. Mr. Paramore, to date, has not responded. The Federal Public Defender is directed to facilitate the immediate transfer of the trial attorney's file, to be preserved by it pending appointment of new counsel. Mr. Styers presented a very different perspective of the meeting described by defendant in his filing. The court noted nothing in defendant's demeanor at hearing suggestive of any fearfulness on his part of the attorney.

The court gives no credence to the statements made by defendant that Mr. Styers impressed himself upon defendant in the ways he described, and amplifies here that the basis for removal of Mr. Styers is grounded in defendant's vehement opposition to the sentencing strategies endorsed by counsel and the manner of his review and preparation for sentencing. The government expressed its concerns that defendant is unduly delaying disposition of the case.

At hearing, the court determined substantial conflict for the reasons noted exists as between client and counsel. The court relieved Mr. Styers of any further duties in representation. Mr. Styers was directed to transfer immediately his file also to the Federal Public Defender, who shall promptly make new appointment and oversee transfer of the files to defendant's new counsel.

Defendant was reminded that he is not entitled to a lawyer who will simply agree with him. If he cannot assist new counsel and work with same, should issue again arise in this regard, absent extenuating circumstances, the court may well determine that defendant shall represent himself.

The court stays any response deadline of or relating to the presentence report process pending appointment of new counsel and provision to him or her of the draft report now at issue. Defendant shall have thirty (30) days in this case to respond to said draft report through his new counsel. The court directs the clerk to set the case for sentencing on a date no sooner than February 18, 2011.

As defendant earlier was admonished, he shall not file motions on his own behalf. Where the court has directed that another lawyer be appointed, as defendant sought through motion, albeit on different grounds, any issue sought to be raised on his behalf shall be raised for defendant by his lawyer. Defendant's filing, lodged on the docket at entry number 126, captioned "Emergency Pro

2

Se Motion To Remove And Replace Counsel" is dismissed as moot.

SO ORDERED, this the 19th day of November, 2010.

                               LOUISE W. FLANAGAN
                               Chief United States District Judge